## BANKERS LIFE CO. v. RUYLE.

No. 27513. Nov. 2, 1937.

Rehearing Denied Jan. 18, 1938.

Application for Leave to File Second Petition for Rehearing Denied April 26, 1938.

L. A. Winans and Alberson & Nourse, for plaintiff in error.

S. H. Singleton, for defendant in error.

PHELPS, J. The plaintiff recovered a judgment under the disability provisions of a life insurance policy, and the insurance company appeals. The parties agree that the only question for consideration is whether certain answers made by the insured in his application for reinstatement of the policy preclude his recovery.

The defendant first complains that in answer to the question "What are all your occupations?" the insured wrote "Farming and stockraising," whereas his testimony at the trial indicated that for years he had been an oil field worker and mechanic. This contention overlooks the fact that other evidence indicates insured was in the state of New Mexico at the time when the application was made out, where he had been for a short while and from which place he shortly thereafter returned, and that while in New Mexico his activities probably were of an agricultural nature, so far as we can determine from the record. At any rate, there is no showing that at that particular time he was **not** farming or raising stock, and the burden of proving that he was not so engaged was upon the defendant.

The defendant next points out that in answer to the question "Are you now in good health," the insured answered "Yes," while the evidence showed that he had been nervous for a long period of time and that he was drawing compensation from the U. S. Veterans Bureau for an impairment of hearing. The insured admitted that he was nervous and that he was hard of hearing, but that at the time of the application he did not consider himself in bad health, and that he was at that time working every day. Other witnesses testified that he was doing manual labor during that period and seemed in good health. In National Life & Accident Ins. Co. v. Wicker, 171 Okla. 241, 43 P. (2d) 50, we said:

"The phrase 'good health,' as used in its common and ordinary sense by a person speaking of his own condition, undoubtedly implies a state of health unimpaired by any serious malady of which the person himself is conscious. He does not mean that he has no latent disease of which he is wholly unconscious. If by the phrase 'good health' an insurance company desires to exclude every disease, though latent and unknown, it must do so by distinct and unmistakable language."

Question 3A was, "Have you been ill or

injured within five years?" The answer was "Yes." Question 3B was, "Have you consulted, been treated or attended by a physician, surgeon or practitioner within five years?" and the answer was left blank. However, the next question, "If so, set out particulars below as to 3A and 3B or either," was answered by the insured to the effect that he had been ill with influenza for a few days, that he had fully recovered and that the attending physician was a certain person whom he named. The evidence further reveals that insured, within the preceding five years, had been involved in a slight explosion, from the effects of which he had consulted an ear specialist, but he did not list this in his answers in the application.

Whether this was such a fraudulent misrepresentation or concealment as should result in voiding the contract was largely a question of fact for the trial judge, acting in this case without a jury. There was almost no evidence of a willful misleading, though it is undeniable that there was an omission. In view of the degree of proof required in the establishment of fraud, we cannot hold that the trial court should have held in favor of the defendant as a matter of law. We think extended discussion is unnecessary, and that the first and fifth paragraphs of the syllabus in Atlas Life Ins. Co. v. Holt, 178 Okla. 28, 61. P. (2d) 719, are sufficient for the purposes of this case:

"Misrepresentations made by insured in application to avail insurer as defense require showing by insurer that statements were not only untrue, but that they were willfully false, fraudulent, misleading, and made in bad faith, where statements in application are representations as distinguished from warranties. * * *

" 'Consultation with or attendance by physician' contemplated by general question in application for life policy refers to consultation or attendance for substantial ailments or illnesses such as would, or might, affect contract of insurance, and does not contemplate affirmative answer in case of consultation or attendance merely for slight, temporary or immaterial illness."

In the 6th syllabus of that decision it was announced that whether such an answer in the application constitutes a misrepresentation which will void the policy is a question of fact for the jury. It follows that the same is true in the instant case, since the same principle applies to a trial judge who is acting without a jury.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN and HURST, JJ., concur.